UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD JONES BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-1130-JAR |
| ) | |
| BANK OF AMERICA, N.A. , ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Complaint. [ECF No. 21] On May 17, 2013, Plaintiff filed a Supplemental Pleading in Support of Plaintiff's Motion to Deny Defendant's Motion to Dismiss Amended Complaint. (Doc. No. 25) Defendant has not replied. The motion is, therefore, fully briefed and ready for disposition. For the following reasons, Defendant's motion to dismiss will be granted in part.

**Background**

On June 22, 2012, Plaintiff filed his pro se Complaint against Defendant Bank of America arising from the Bank's foreclosure on certain property he owns in St. Louis City. (Doc. No. 1) On July 27, 2012, he filed an "Amendment to Original Complaint." (Doc. No. 4) On October 12, 2012, Bank of America moved to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 11) On February 20, 2013, this Court granted Plaintiff's Motion to Amend his Complaint and denied Bank of America's Motion to Dismiss as moot. (Doc. No. 17) Bank of America now moves to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction,

insufficient process, insufficient service of process, and failure to state a claim pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6).

### Discussion

**Subject matter jurisdiction**

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Snelling v. Evans, 2011 WL 1979598, at *2 (E.D.Mo. May 20, 2011) (quoting Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir.2006)). See also Continental Cablevision of St. Paul, Inc. v. U.S. Postal Service, 945 F.2d 1434, 1438 (8th Cir. 1991) ("A district court must determine questions of subject matter jurisdiction before determining the merits of the case."). The Court has the duty to determine its jurisdiction, and to raise the issue of subject matter jurisdiction *sua sponte,* if necessary. Id. (citing Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); City of Kansas City, Mo. v. Yarco Co., Inc., 625 F.3d 1038, 1040 (8th Cir.2010). The Court must dismiss any action over which it determines that it lacks subject-matter jurisdiction. Rule 12(h)(3), Fed.R.Civ.P.

In support of its motion to dismiss, Bank of America states that while Plaintiff indicated on his civil cover sheet that the basis for this Court's jurisdiction over his action is federal question jurisdiction, he has not set forth any facts establishing the Court's jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. No. 22, p. 3) In response, Plaintiff contends that the basis for this Court's jurisdiction is set out in the opening paragraph of his amended complaint asserting "fraud" and "misrepresentation" as well as an asserted lack of standing on the part of the Bank. (Doc. No. 25, p. 2)

2

Rule 12(b)(1) challenges to subject matter jurisdiction may be facial challenges, factual challenges, or both. Foster v. Deutsche Bank Nat. Trust Co., 2012 WL 5285887, at *2 (E.D.Mo. Oct. 25, 2012). The Court construes Bank's motion as a facial challenge, since it has not attached jurisdiction-related evidence such as affidavits and deposition testimony to its motion. See Adkins v. Option One Mortgage Corporation, 2009 WL 35181, at *3 n.4 (W.D. Mo. Jan. 5, 2009). In a facial challenge, the Court restricts itself to the face of the pleadings, and all of the factual allegations concerning jurisdiction are presumed to be true. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir.1993). A motion to dismiss presenting a facial challenge to the Court's subject matter jurisdiction should be granted where the plaintiff fails to allege an element necessary for subject matter jurisdiction. Id. Here, Plaintiff does not allege a specific basis for the jurisdiction of this Court in his amended complaint. Accordingly, in light of Plaintiff's pro se status, and construing the complaint liberally, the Court considers whether Plaintiff asserts a valid basis for the Court's jurisdiction pursuant to either 28 U.S.C. § 1331, federal question jurisdiction, or 28 U.S.C. § 1332, diversity of citizenship jurisdiction. Even though the Court holds Plaintiff's complaint to a less stringent standard than formal pleadings drafted by an attorney, see Nickless v. Saint Gobain Containers, 2012 WL 1414849, at *4 (E.D.Mo. April 24, 2012), Plaintiff, as the party asserting federal jurisdiction, bears the burden of establishing that federal jurisdiction exists. City of University City, Missouri v. AT & T Wireless Services, Inc., 229 F.Supp.2d 927, 929 (E.D. Mo. 2002) (citing In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993)).

**Federal question jurisdiction**

Under 28 U.S.C. § 1331, federal question jurisdiction arises where federal law creates the

3

cause of action, or where the complaint, on its face, poses a federal question. I.S. v. Washington University, 2011 WL 2433585, at *2 (E.D. Mo. 2011). The Court cannot discern any claims in the amended complaint which arise under the Constitution, laws, or treaties of the United States. On its face, the complaint is titled "Amended Complaint in Support of MERS Lack of Interest to Assign Note and Deed of Trust to Bank of America N.A. Without Standing and Verification of Assignment and Allonge to Note." (Doc. No. 18) The relief Plaintiff seeks is not expressly granted by a federal law, and his claims do not implicate the construction of a federal statute, or require the application of federal legal principles for their disposition. As such, these claims do not provide an independent basis for federal question jurisdiction. Accordingly, the Court finds that Plaintiff's amended complaint fails to set forth a sufficient basis for the exercise of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Having determined that the allegations of Plaintiff's amended complaint do not support federal question jurisdiction in this case, the Court now considers whether Plaintiff adequately asserts a basis for the Court to exercise diversity of citizenship jurisdiction over his claims.

**Diversity jurisdiction**

To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must show complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. In this regard, Plaintiff must specifically allege each party's citizenship to show that Plaintiff and Defendant are citizens of different states. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). Moreover, it is well established that when jurisdiction depends upon diversity, the absence of sufficient averments or facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the Court. Id.

("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and it principal place of business. Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity.") (internal quotation omitted). See also Poling v. K. Hovnanian Enters., 99 F.Supp.2d 502, 515 (D.N.J. 2000) ("The court can only 'properly determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter[,]' when the plaintiff, even if proceeding pro se, affirmatively pleads facts regarding the citizenship of individual defendants and the dual citizenship of corporate defendants.") Because Plaintiff's complaint is silent as to the citizenship of the parties, and complete diversity of citizenship is not apparent from the pleadings, the Court cannot exercise jurisdiction over this case under 28 U.S.C. § 1332. See Sanders, 823 F.2d at 216 (citing Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982)).

**Conclusion**

For the foregoing reasons, the Court will grant Bank of America's motion to dismiss for lack of subject matter jurisdiction. Plaintiff may have claims to assert in state court; however, these claims cannot serve as a sufficient basis for subject matter jurisdiction in this case. Having found that it lacks jurisdiction in this case, the Court will not address the merits of the other arguments contained in Bank of America's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [21] is **GRANTED** for lack of subject matter jurisdiction.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated the   3rd   day of July, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE